## J. H. SLICER AND MRS. J. H. SLICER v. J. MELVIN ADAMS.

**No. 458.   (59 Pac. 1100.)**

EQUITY—*Reformation of Contract—Specific Performance.*
Where, in an action for the specific performance of a contract relating to land, it clearly appears that the plaintiff has performed all the conditions to be performed by him under such agreement, and the defendant, although gaining possession and control of the land involved by virtue of such agreement, violates it and seeks to set up a title adverse to plaintiff's rights by abuse of his power under the agreement and of the trust created thereby, and to defeat the plaintiff's rights in the premises, *held*, that a proper case is thus presented for relief in equity and for the specific performance of the agreement.

Error from Anderson district court; A. W. BENSON, judge. Opinion filed February 19, 1900. Affirmed.

*W. A. Johnson,* and *J. G. Johnson,* for plaintiffs in error.

*N. L. Bowman,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by the defendant in error to obtain a decree for the reformation of a written agreement relating to land and for the specific performance of such agreement as reformed. The agreement was made on the 1st day of December, 1891, by the defendant in error as the party of the first part and J. H. Slicer, one of the plaintiffs in error, as the party of the second part. By its terms Adams sold to Slicer a certain real-estate mortgage, covering a twenty-acre tract of land in Anderson county, and a mortgage bond for $2500, mentioned in and secured by the said mortgage, and both assigned to Adams by the Guaranty Loan and Trust Company. The assignment and the agreement in question were made while an action commenced by the trust company to foreclose the mortgage was pending. Adams also agreed to pay for Slicer two notes aggregating $131.11. One paragraph of the agreement reads :

"Now, for and in consideration of the agreement of said Adams to transfer and assign said note and mortgage, said Slicer has this day sold, assigned and delivered to said Adams ten shares of the capital stock of the Anderson County National Bank, of Garnett, Kan., and will also execute to him a note for $500, of the date hereof, and to run five years, with interest at the rate of eight per cent. per annum, payable semiannually, and, for the purpose of securing the payment thereof, said Slicer has this day executed to said Adams a mortgage upon the above-described real estate, which said Adams shall hold until said Slicer obtains title to said property, as hereinafter specified, when he may place the same of record."

It was further agreed that Slicer should enter into immediate possession of the land, should prosecute

Slicer v. Adams.

the foreclosure suit with all possible diligence, and should purchase the land at the foreclosure sale. It was further agreed that the note and mortgage for $500, which Slicer agreed to give, should be taken in satisfaction of the claim of Adams for the purchase-money under Slicer's bid at the foreclosure sale thereafter to occur. Slicer also agreed to pay the taxes against the land for 1891 and thereafter, and to keep the buildings on the land insured, with the loss, if any, payable to Adams. The petition alleged, and the evidence shows, a compliance on the part of Adams with the terms of the agreement, and an entire failure on the part of Slicer to carry out his agreement in respect to the note and mortgage for $500. He did proceed with the foreclosure action, employing an attorney to assist the attorney who commenced the foreclosure suit, and he did cause the land to be sold, the sale to be confirmed, and a sheriff's deed issued conveying the land; but he so manipulated the matter that, instead of purchasing the property himself at the sheriff's sale, he had it bought by one Hopkins for his (Slicer's) benefit. Shortly after he received the sheriff's deed Hopkins conveyed the land to Slicer by a deed of quitclaim. J. H. Slicer, in his answer averred that he obtained his title thereto by purchase from Hopkins and that he (Slicer) did not derive his title to the property from the plaintiff in any manner. The evidence tended to show that Slicer deceived and misled the plaintiff concerning the foreclosure action; that the latter was constantly expecting the note and mortgage to be executed and the transaction to be completed in accordance with the written agreement; and that his reliance upon the good faith of Slicer caused delay in the assertion of the plaintiff's rights in the premises. Final judgment was entered July 15, 1896.

The court found the allegations of the petition to be true, and decreed that the written agreement be reformed as prayed for; and decreed that J. H. Slicer should make and deliver to the plaintiff the note and mortgage for $500 within ten days from the date of the decree, and that, in case of his failure so to do, the decree should have the same effect and be available to the same extent as if the said note and mortgage were so executed and delivered; entered judgment for $180 on account of nine past-due semiannual instalments of interest upon $500, at eight per cent., to June 1, 1896; and decreed "that said mortgage be and the same is hereby foreclosed, and if said judgment for $180, and interest accruing, and costs of this action, be not paid in ten days from this date, that an order of sale issue" for the sale of the land in controversy.

The court also ordered that after the payment of the taxes due upon the land sold, the costs of the action, and the judgment for $180, the surplus should be applied to the payment of the $500 "principal to become due, with interest thereon from June 1, 1896, at eight per cent."

The written agreement in referring to the $500 mortgage reads that Slicer "has executed" the mortgage; the reformation asked for and granted made the agreement to read "will execute," etc. The reformation was clearly warranted by the context, by the agreement as a whole, and by the evidence. There is no pretense that Slicer ever executed the mortgage. The action of the trial court in decreeing specific performance of the agreement was entirely correct and the form of the decree was proper. The case seems peculiarly appropriate for the exercise of the jurisdiction of a court of equity. "The rule has come to be established that if a contract affecting real property is

in writing, and is certain, fair in all its parts, for an adequate consideration, and capable of being performed, it is as much a matter of course for a court of equity to decree specific performance as it is for a court of law to give damages for the breach of it.'' (Beach, Mod. Eq. Jur. § 636.)

All the foregoing elements are found here. The decree required the defendant, J. H. Slicer, to do exactly what he had agreed to do, and nothing more. The language used shows that the court did not regard the $500 debt as then due ; and it is clear that the foreclosure of the mortgage, which in this case is to be regarded as having been executed, was not for the satisfaction of the principal debt but was for the payment of the accrued interest. Slicer obtained possession, and, by a circuitous route, reached the ownership of the land by virtue of the agreement which he now repudiates. The claim of the homestead right in the land as against the plaintiff's equitable interest therein is entirely inequitable and cannot be sustained. The judgment of the district court will be affirmed.